CALISTERS ABELL *v.* GEORGE W. SCOTT.

**Principal and Surety—Separate Obligation—Answer Must Show Relation —Statute of Limitation.**

One may become surety for another by an obligation separate and distinct from the one executed by the principal, but this is not made to appear either by the note itself or the allegations of the answer, The answer must contain such allegations as will enable the court to determine that the relation of principal and surety exists by showing the liability of the party alleged to be the principal in the debt, before a plea of limitation will avail.

APPEAL FROM MARION CIRCUIT COURT.

October 17, 1871.

OPINION BY JUDGE PRYOR:

The appellants Green Forest and Calisters Abell, together with W. B. Beauchamp, executed to George W. Scott the following note: "One day after date we promise to pay George W. Scott three hundred and forty-one dollars and sixty-three cents, which we owe him jointly as security for William B. Abell, May 2, 1859.

> (Signed)   GREEN FOREST.
>           CALISTER ABELL.
>           W. B. BEAUCHAMP, Secy.

Scott, the appellee, instituted this suit on this note against the three obligors, and the appellants Forest and Abell filed their answer alleging in substance that William B. Abell was the principal debtor to plaintiff for the debt sued on, and that these defendants were mere sureties on the note and executed it for no other consideration and executed it only as sureties, and that seven years had elapsed. W. B. Beauchamp also

answered alleging that he was only surety as appeared from the note itself, and relies upon the statute of limitations. The suit was dismissed as to Beauchamp and a demurrer filed by the appellee to the answer to Forest and Abell. This demurrer was sustained by the court below, and the defendant failing to plead further a judgment was rendered for the appellee for the debt and interest, and from this judgment the appellant has appealed. The demurrer was properly sustained. The note itself shows that William Abell is not liable upon it, nor does it appear from any allegations in the answer that the appellee Scott holds obligations for this money, and in the absence of such an allegation the presumption is that the original indebtedness was discharged by taking the individual obligation of the appellants for the debt and this presumption arising from the note itself. It is true that one may become the surety of another by an obligation separate and distinct from the one executed by the principal, but this is not made to appear either by the note itself or the allegations of the answer. The note shows that William Abell is not liable upon it, nor is there any allegation in the answer showing in what manner he is liable as principal for this debt. If William Abell's name was on the note his liability would appear, and an answer that his co-obligors are only sureties would be sufficient.

In a case like this the answer must contain such allegations as will enable the court to determine that the relation of principal and surety exists, by showing a liability on the part of the party alleged to be the principal in the debt. It will not do to allege in the answer merely that the defendants are sureties, when the obligation sued on creates no liability upon the party they allege to be the principal, and when his name even is not signed to the note. The facts showing how his liability as principal exists must be plead. Beauchamp was an obligor with the appellant in the note; his name is signed, "W. B. Beauchamp, Secy." Now, is Beauchamp the surety of the appellants in this note, or is he surety of William Abell? The note shows that he is the surety of the appellants, and that their liability is a direct and not a collateral undertaking.

The judgment is affirmed.

*Harrison,* for appellant.

*Lindsay,* for appellee.